# Wytheville.

## ROANOKE NATIONAL BANK v. HAMBRICK.

### JUNE 24th, 1886.

1. PRACTICE AT COMMON LAW—*Declaration—Demurrer.*—Where declaration, though inartificially commencing statement of cause of action with a *quod cum*, yet states the essential averments in direct and positive terms, it is sufficient.
2. IDEM—*Pleading.*—And in an action against a bank for negligence in failing to protest a note placed with it for collection, it is sufficient if the declaration avers it was so placed before its maturity, though the date of the placing is not specified.
3. IDEM—*Evidence—Renewal—Ratification.*—The fact that cashier handed plaintiff, in lieu of old note which should have been protested, a renewed note, saying former was lost, and plaintiff retained latter some time, is not conclusive of plaintiff's ratification of the bank's action, but evidence from which the jury might or might not infer such ratification.
4. IDEM—*Instructions.*—Instructions asked for which are not founded on the evidence in the case are properly refused. *Bartley* v. *McKinney*, 28 Gratt. 750.
5. IDEM—*New trial—Evidence certified.*—Appellate court will not reverse refusal of new trial by court below, unless after rejecting all exceptor's parol evidence, and giving full force and credit to that of exceptee, the decision still appears wrong.

Error to judgment of hustings court of Roanoke city, rendered 11th December, 1885, in the action of trespass on the case wherein A. L. Hambrick was plaintiff, and the Roanoke National Bank was defendant.

The action was to get damages for the bank's negligence in failing to protest for non-payment a note left for collection by

the plaintiff.    The verdict was for $490.90, with interest from 7th October, 1884, and the judgment was accordingly.    At the trial several points were raised and put into the record, which are considered in the opinion.

*Penn & Cocke,* for the plaintiff in error.

*Griffin & Watts,* for the defendant in error.

Hinton, J., delivered the opinion of the court.

This is an action on the case to recover damages for the failure of the Roanoke National Bank to collect a note which had been deposited with it for collection by one A. L. Hambrick, the plaintiff below.    At the trial, there was a verdict for the plaintiff for the amount of the note with proper interest; whereupon, the defendant applied for and obtained a writ of error from one of the judges of this court.

In his petition he assigns four errors, each of which will be considered in its order.    The first of these is, that the circuit court erred in overruling the demurrer to the plaintiff's declaration.    The ground of demurrer chiefly relied on seems to be that the declaration fails to allege all the circumstances necessary to support the plaintiff's action.    The defendant insists that it is essential to the maintenance of the plaintiff's case, not only that the declaration should contain a full and clear statement of the injury of which he complained, but that such circumstance of time and place should be set out with such clearness and precision that the defendant may be able to plead a direct and unequivocal plea, and the jury may give a certain and distinct verdict.    Conceding this to be true, we yet think there has been a substantial compliance with the rule in this case.    The draftsman, it is said, has made the mis-

take of setting out his whole cause of action by way of recital; but an examination of the whole declaration shows the reverse to be true; for while he has fallen into the error of prefacing the statement of his cause of action with a *"quod cum, or whereas,"* yet it is certain that he has set out all those allegations which constitute the gist of the action in direct and positive terms. It is also argued that the declaration is defective in failing to state the month and day on which the note was delivered to the cashier for collection. But we do not regard this omission as fatal under the circumstances, since it sufficiently appears from other averments of the declaration that the said note was deposited with the bank before its maturity, and at a time when it might readily have been realized, if the bank had discharged its plain duty in the premises, by either collecting the note, or protesting it for non-payment, and then handing it to the holder for collection by him. Upon the whole, then, while it must be admitted that the declaration is inartificially drawn, we yet think that nothing has been omitted so essential to the action that judgment according to law, and the very right of the case, could not be given. The demurrer was therefore properly overruled. Virginia Code 1873, ch. 167, sec. 32.

The next assignment of error is, that the plaintiff, by his subsequent conduct, ratified the action of the cashier in taking the renewal note, and thereby deprived himself of all right of action against the bank. This defense is predicated upon the assumption, the mere circumstance, that the plaintiff permitted the cashier to hand him or his attorney the second note, although accompanied with the statement that the original note was lost, and that the second was retained for some time before it was returned, is legal and conclusive evidence of the fact that he assented to what had been done. We are not prepared, however, to give our assent to this proposition. The

most that can be said of the conduct of the plaintiff in receiving this note without objection is, that it is equivocal, but not inconsistent with the supposition that he designed to return it, if, upon investigation, he found that it could not be made. In any event, we think that it was a question for the jury whether the conduct of the plaintiff under the circumstances amounted to a ratification of the acts of the cashier. Story on Agency, section 253. And, as by their verdict, they have answered the question in the negative, we have neither the power nor disposition to disturb the verdict on that score. The rule is, that where some evidence has been given which tends to establish the fact in issue, the appellate court will not grant a new trial merely because it would, if upon the jury, have probably rendered a different verdict. The evidence should be plainly insufficient to warrant the verdict, to justify the court in setting it aside. Here, if we should go so far as to look to the testimony of the defendant in error, which is the most that we could do, if the question was raised by an exception, and it was certified, as it is not, that the certificate of evidence contained all the evidence, we could not say that the verdict was plainly wrong upon this ground. *Perkins* v. *Hawkins*, 9 Gratt. 649.

The next assignment of error is, that the court erred in refusing to give two instructions asked for by the defendant. But as no matter is set out in this bill of exceptions tending to show the pertinency of these instructions, and as no other bill of exceptions is referred to for the purpose of supplying this omission, and as it is not certified that the certificate contains all the evidence, it is plain that we cannot consider these instructions. *Perkins'* v. *Hawkins, supra.* The rule being that when an exception is taken to the granting or refusing of instructions that the bill of exceptions should be so framed by the insertion of proper matter as to make the error,

if any, complained of, apparent, or else the exception will be unavailing. *Harman* v. *City of Lynchburg,* 33 Gratt. 43.

The last assignment of error is, that the verdict is contrary to the evidence. But this assignment of error must also fail. For the certificate is of evidence, and not of the facts, and in such a case "the long and well established rule, too familiar to the profession to need the citation of adjudged cases," as was said by Judge Richardson in *Jones* v. *Rixey,* 79 Va. 657, is, that the appellate court will only consider the evidence introduced by the party who prevailed in the lower court, and will not reverse the judgment unless, after rejecting all the parol evidence of the exceptor, and giving full force and credit to that of the adverse party, the decision still appears to be wrong. The verdict being supported by that evidence, must be sustained.

For these reasons the judgment complained of must be affirmed.

JUDGMENT AFFIRMED.